UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CALHOUN REALTY INC., et al., | : | NO. 1:03-CV-00198 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| | : | |
| v. | : | **ORDER** |
| | : | |
| CITY OF CINCINNATI, et al., | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on the Plaintiffs' Motion to Lift Stay (doc. 24), Defendants' Response (doc 25), and Plaintiffs' Reply (doc. 26).

Plaintiffs in this case either own commercial property or are tenants operating businesses in the Clifton Heights area of Cincinnati, Ohio (doc. 16).  In June of 2001, the Cincinnati City Council passed Ordinance 175-2001, adopting an urban renewal plan, as well as a blight study prepared by the City's Department of Transportation and Engineering (Id.). Defendants identified Plaintiffs' properties as blighted, and intended to appropriate Plaintiffs' property as a part of the urban renewal plan. Plaintiffs filed suit against Defendants with this Court on March 19, 2003 seeking declaratory judgment and an injunction regarding Defendants' blight study (doc. 25). Initially, Defendants successfully moved to dismiss Plaintiffs' complaint (doc 16.). However, after learning Plaintiffs sought

monetary relief, this Court later issued a stay according to the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971) (doc. 23).  The requirements for the abstention doctrine, according to Younger, are that there is an ongoing state proceeding implicating an important state interest and that the state proceeding will adequately hear the Plaintiffs' federal constitutional claims (doc. 23).

After granting the stay, Plaintiffs and Defendants tried the issue of whether Defendants had the right to take the subject properties by eminent domain based on numerous constitutional and factual deficiencies in the Hamilton County, Ohio Court of Common Pleas (doc. 24).  On January 14, 2005, the Honorable Judge Crush issued his decision finding in favor of Defendants (doc. 25).  Judge Crush delivered a nineteen-page decision after seven days of trial, fifteen witnesses, fifty exhibits and eighty-four pages of argument (Id.).  Subsequently, Plaintiffs' motion requesting findings of fact and conclusions of law pursuant to Ohio Rule of Civil Procedure 52 was denied by the Court (doc. 24).  Plaintiffs' case is now being scheduled for valuation trials pursuant to Ohio Revised Code § 163 (Id.).

Plaintiffs request this Court to lift the stay issued because the State court proceedings did not adequately provide a forum to hear the Plaintiffs' constitutional claims and cannot adequately protect Plaintiffs' rights during the appeals

process (Id.).  Specifically, Plaintiffs allege constitutional violations regarding the procedural rules of the blight determination based on the Cincinnati Municipal Code's definition of blight, the application of the blight determination, and the failure of Ohio eminent domain procedure to protect the rights of property owners and tenants on appeal from trial court decisions. (Id.).

The eminent domain procedures are contained in Ohio Revised Code, O.R.C. § 163.09.  According to O.R.C. § 163.09, the trial court's order in favor of the appropriating agency is not immediately appealable by a property owner (Id.).  The property owner may obtain appellate review only after the preliminary issues are decided by the trial court, a jury assesses compensation pursuant to O.R.C. § 163.14, and a journal entry which reflects both the decision on the preliminary issues and the amount of the jury award is made by the trial court pursuant to O.R.C. § 163.15. Cincinnati Gas & Electric Co. v. Pope, 374 N.E. 2d 406, 409 (Ohio 1978).  The state court noted that O.R.C. § 163 does not deprive appellants of substantive due process of law but instead promotes the health, safety, and welfare of the general public through speedy construction of necessary public projects.  Id.

The Younger abstention doctrine, as outlined by the Sixth Circuit, applies when the state proceedings (1) are currently pending; (2) involve an important state interest; and (3) afford

3

the plaintiff an adequate opportunity to raise constitutional claims. Carroll v. City of Mt. Clemens, 139 F.3d. 1072, 1074 (6th Cir. 1998). The recent Supreme Court decision in Kelo v. City of New London, __ U.S. __, 125 S.Ct. 2655 (2005) strongly impacts the taking of private property by permitting government to take property for public use when the taking promotes economic development in a community. Id. The precedent in Kelo applies since Defendants' goals for taking the property are to promote economic development through reforming blighted areas to stimulate the economy.

Plaintiffs concede that the first two prongs of the Younger abstention doctrine requiring the presence of a pending state proceeding concerning an important state interest are met in this situation (doc. 24). Plaintiffs thus only argue the issue of whether the current state proceedings in the appeals court and the past trial court proceedings afforded Plaintiffs an adequate opportunity to raise constitutional claims (Id.).

Plaintiffs claim that two rights are involved in the matter, the right to own property and the right to operate a business without government interference (doc. 24). Plaintiffs state that while they are unhappy with the trial court's verdict, the decision to bring this motion was not based on the decision of the trial court, but instead the trial court's failure to adequately hear all their claims (doc. 24). Plaintiffs claim a

deprivation of due process, arguing Defendants failed to provide notice to Plaintiffs, failed to negotiate with Plaintiffs, that the definition of blight according to the Cincinnati Municipal Code ("CMC") is vague as applied in this case, that the redevelopment plan established by Defendants did not cure the blight, and that City Council failed to cure or approve the blight study and Urban Renewal Plan (doc. 24).

Specifically, Plaintiffs highlight that the trial court's decision consisted of less than nineteen pages with no real explanation of the rationale but instead merely contains a recitation of the facts in the first nine pages and the applicable law in the remaining pages (doc. 26). Plaintiffs refer to the language of the trial court opinion that states "[o]n all the issues discussed above and all others that may be involved in this matter, the Court finds for the Plaintiff" (Id.). Plaintiffs cite this language, arguing that it proves the trial court did not provide any rationale for its decision and thus did not adequately hear Plaintiffs' claims (Id.). Plaintiffs supplement this argument by stating the trial court again erred after denying Plaintiffs' motion requesting findings of fact and conclusions of law pursuant to O.R.C. § 52 (Id.).

Additionally, Plaintiffs argue that the provisions

in O.R.C. § 163 do not provide property owners and tenants[1] with an adequate forum for appeal since O.R.C. § 163 does not provide the Court of Appeals with the authority to issue a stay thus depriving Plaintiffs with any "real right of appeal" (doc. 24 <u>citing Cincinnati Gas</u>, 374 N.E. 2d 406 (Ohio 1978); <u>Horowitz v. Court of Common Pleas Cuyahoga County</u>, 603 N.E.2d 1005 (Ohio 1992)).

Defendants reply to Plaintiffs' claim of an inadequate trial by referring to the facts that the trial lasted seven days and Plaintiffs called fifteen witnesses, including two expert witnesses and the Defendants' own architect who performed the blight study (doc. 25). Additionally, the trial judge allowed Plaintiffs to admit more than fifty exhibits and file a sixty-page post-trial brief and a twenty-four page reply brief (<u>Id</u>.). Thus, the trial court permitted Plaintiffs to display a great deal of evidence in addition to providing Plaintiffs with the ability to consistently argue its case through submitting trial briefs (<u>Id</u>.).

Defendants rebut Plaintiffs' claim of an inadequate trial based on the issued opinion by citing the latter half of the trial court's opinion which illustrates the judge's rationale (<u>Id</u>.) Specifically, Defendants note that the trial court judge held as

---

[1]The 5th Circuit in <u>San Jacinto Sav. & Loan v. Kacal</u>, 928 F.2d 697 (5th Cir. 1991) found that a business owners' (here a tenant's) interest in the profits of the business and the liberty interest in operating said business amount to protectable interests. <u>College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.</u>, 527 U.S. 666 (1999) held that property owners and tenants have a protected property interest in the assets and goodwill of their business.

unsubstantiated Plaintiffs' allegation that City Council never received a copy of the blight study. Additionally, the Defendants point to the conclusions that City Council did not abuse its discretion in approving the blight study and urban renewal plan (Id.). One example in the opinion that specifically references the trial court's rationale is the following: "[t]here can be no doubt that a public purpose is served by this urban renewal plan designed to revitalize a declining, deteriorating neighborhood" (Id.). Since the trial court's decision provided the necessary findings of facts and conclusions of law, Ohio Civil Rule 52 does not require these findings of facts and conclusions of law (Id.).

In summary, this Court believes that the trial court adequately heard all the Constitutional claims brought by Plaintiffs and that the decision issued by Judge Crush provided the findings of facts and conclusions of law to support this assertion. The recent Supreme Court decision in Kelo supports this finding. In Kelo, the Supreme Court upheld a Connecticut Supreme Court decision permitting takings of property for "public use" to promote economic development. Kelo at 2669. The Court wrote "[p]romoting economic development is a traditional and long accepted function of government." Kelo at 2657. Thus, since Defendants' study determined Plaintiffs' property was blighted and that the property could be used for "public use," Kelo supports the finding that

Plaintiffs' claims were adequately heard in state court.[2]

The latter issue relates to Ohio Revised Code § 163 (doc. 24).   Defendants respond by citing <u>Cincinnati Gas and Electric v. Pope</u> where the court held the appeals process contained in O.R.C. § 163 was constitutional (doc. 25).   This precedent supports a finding that the appeals process will adequately hear Plaintiffs' claims (<u>Id</u>.).   Additionally, no distinction between tenants and landlords exists in this situation since the tenants receive the same rights as property owners to challenge the right to take or receive monetary damages.   (<u>Id</u>. <u>citing</u> <u>Howowitz v. Court of Common Pleas of Cuyahoga County</u>, 603 N.E.2d 1005 (Ohio 1992)).   Thus, based on <u>Cincinnati Gas</u>, the appealability of the trial court's ruling in eminent domain proceedings according to O.R.C. § 163 is constitutional (<u>Id</u>.).

Overall, the trial court proceedings and opinion provided Plaintiffs with an adequate opportunity to have all their constitutional claims heard.  Additionally, the appeals procedures set forth in O.R.C. § 163 are constitutional according to the precedent set forth in <u>Cincinnati Gas</u>.  Plaintiffs may still decide

---

[2] In a recent Ohio Court of Appeals case from the First District, Judge Mark P. Painter wrote a detailed and thoughtful opinion concerning eminent domain and blighted areas in the town of Norwood, Ohio.  Judge Painter noted that judicial deference should be given to a city council's decision regarding eminent domain and blighted areas and that a court's role in an eminent domain action determining whether governmental power has been exercises for a public purpose is an extremely narrow one.  <u>See</u> <u>Norwood v. Horney</u>, 161 Ohio. App. 3d 316 (Ohio. App. 1st Dist. 2005).

to appeal and challenge the proceedings in the Ohio State Supreme Court and, ultimately, the Supreme Court of the United States. Thus, based on the following reasons, this Court DENIES Plaintiffs' Motion to Lift Stay (doc. 24).


        SO ORDERED.


Dated: August 18, 2005          s/S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge